[Cite as *In re Thorpe*, 2010-Ohio-6711.]



# Court of Claims of Ohio
## Victims of Crime Division

The Ohio Judicial Center
65 South Front Street, Fourth Floor
Columbus, OH 43215
614.387.9860 or 1.800.824.8263
www.cco.state.oh.us

IN RE: KENEISHA   THORPE


KENEISHA THORPE

      Applicant


 Case No. V2009-40692

Commissioners:
Lloyd Pierre-Louis, Presiding
Karl C. Kerschner
Susan G. Sheridan

ORDER OF A THREE
COMMISSIONER PANEL

---

{1}On November 26, 2007, the applicant filed a compensation application as the result of a collision with a drunk driver which occurred on October 13, 2007.  On March 21, 2008, the Attorney General issued a finding of fact and decision determining that the applicant met the necessary jurisdictional requirements to qualify as a victim of criminally injurious conduct and granting her an award of reparations in the amount of $75.00, to Grant Medical Center for services rendered on October 13, 2007.

{2}On December 19, 2008, the applicant filed a supplemental compensation application seeking reimbursement for additional medical expenses incurred.  On June 12, 2009, the Attorney General issued a finding of fact and decision concerning the supplemental compensation application.  The Attorney General denied the applicant's claim because she sought medical treatment from providers who were not covered under her health insurance carrier and she did not provide a medically necessary reason for seeking treatment from those out-of-network providers.  On June 15, 2009, the applicant submitted a request for reconsideration.  On September 10, 2009, the Attorney General rendered a Final Decision finding no reason to modify the initial

decision.   On September 23, 2009, the applicant filed a notice of appeal from the September 10, 2009 Final Decision of the Attorney General.   Hence, a hearing was held before this panel of commissioners on July 7, 2010 at 9:30 A.M.

{3}The applicant and her attorney Monique Nicole Madison appeared at the hearing, while Assistant Attorney General Jason Fuller appeared on behalf of the state of Ohio.

{4}The applicant asserted that she went to medical providers recommended by her civil attorney as the result of an accident involving a drunk driver.   She did not check with her insurance carrier to verify that the doctors were covered under her health insurance since she believed the offending driver was insured and she would receive compensation from the offender's automobile insurance.   However, subsequently she became aware that the offender did not have automobile insurance.   At that point, she attempted to submit the bills to her insurance carrier, Cigna, however, some of these expenses were rejected since some providers were out-of-network.

{5}The Attorney General asserts there are two issues that need to be addressed in this appeal.   First, whether the expenses incurred are reasonable expenses for reasonably necessary services and, second, whether the applicant failed to utilize a readily available collateral source.

{6}The applicant Keneisha Thorpe described the automobile accident.   She stated she chose to see doctors for physical therapy on the advice of her counsel and did not check to see if those doctors were in her insurance carrier's network.   Ms. Thorpe became aware that the offending driver did not have automobile insurance when his alleged car insurance carrier rejected payment of her medical expenses.

{7}The applicant was then shown Applicant's Exhibit 1, a copy of a Traffic Crash Report dated October 13, 2007.   The applicant testified that this document noted that the offending driver had automobile insurance.   The applicant was then shown Applicant's Exhibit 2, a November 13, 2007 letter from the office of Attorney Byron

Potts. The applicant testified this document revealed that the offending driver did not have automobile insurance at the time of the collision.

{8}Upon cross-examination, the applicant admitted she saw two physical therapists: Columbus Injury and Rehab. and Franklin Park Physical Medicine. She switched medical providers due to scheduling difficulties. She acknowledged within a week or two after the accident she became aware that the offending driver did not have insurance. However, she stated she continued to have approximately 46 therapy sessions.

{9}Upon questioning by the commissioners, the applicant stated she never inquired whether her providers were in or out of network with Cigna, her health insurance carrier. The applicant stated during her course of treatment medical providers never informed her that they were in or out-of-network providers nor did she receive bills from the providers until the treatment was concluded. Ms. Thorpe related her previous experiences with medical providers required her to present her insurance card and pay a $15.00 co-pay. She was under the belief that physical therapy was covered under her Cigna insurance policy and that an in-network provider would require the payment of a co-pay. Whereupon the testimony of the applicant was concluded.

{10}The Attorney General called Mary Barnett, Crime Victims Compensation economic loss investigator to testify. Ms. Barnett related that she investigated this claim, and during the course of that investigation contacted all of the applicant's medical providers. Grant Medical Center was the only provider aware of Ms. Thorpe's health insurance coverage.

{11}Ms. Barnett was shown State's Exhibit A, a letter from Attorney Byron Potts' office dated February 18, 2009. This letter indicated that the physical therapy providers were recommended by their office. Furthermore, when Ms. Barnett contacted Cigna, she was informed they would cover 20 physical therapy visits per year with no dollar maximum, if an in-network provider was selected. Finally, Cigna informed her there were 15 physical therapy in-network providers within 15 miles of Ms. Thorpe's home.

{12}Upon questioning by the commissioners, Ms. Barnett stated she did not know what Cigna would cover, if anything if the physical therapy visits exceeded 20 in a calendar year.   Whereupon, the testimony of Mary Barnett was concluded.

{13}In conclusion, the applicant asserted she did not have a duty to research whether her physical therapists were in or out-of-network providers.   She received treatment and did not receive a billing statement until after the conclusion of treatment. Finally, she asserted that there was no specific provision of the statute that denies out-of-network care and accordingly, she should be granted an award of reparations for her unreimbursed medical expenses.

{14}The Attorney General asserted it is unreasonable for an applicant to incur expenses when the applicant knows the offender has no insurance and her insurance carrier will not cover the expense.   The Attorney General further stated it is unreasonable to expect the Crime Victims Program to act as guarantor of these expenses when it is clear the program acts as only a payor of last resort.   Finally, the Attorney General asserted the applicant's claim should be denied since she failed to utilize providers covered under Cigna's network, a readily available collateral source. Whereupon, the hearing was concluded.

{15}R.C. 2743.51(F)(1) states:

"(F)(1) 'Allowable expense' means reasonable charges incurred for reasonably needed products, services, and accommodations, including those for medical care, rehabilitation, rehabilitative occupational training, and other remedial treatment and care and including replacement costs for eyeglasses and other corrective lenses. It does not include that portion of a charge for a room in a hospital, clinic, convalescent home, nursing home, or any other institution engaged in providing nursing care and related services in excess of a reasonable and customary charge for semiprivate accommodations, unless accommodations other than semiprivate accommodations are medically required."

{16}R.C. 2743.51(B)(8) states:

"(B) 'Collateral source' means a source of benefits or advantages for economic loss otherwise reparable that the victim or claimant has received, or that is readily available to the victim or claimant, from any of the following sources:

"(8) A contract providing prepaid hospital and other health care services, or benefits for disability;"

{17}R.C. 2743.60(D) states:

"(D) The attorney general, a panel of commissioners, or a judge of the court of claims shall reduce an award of reparations or deny a claim for an award of reparations that is otherwise payable to a claimant to the extent that the economic loss upon which the claim is based is recouped from other persons, including collateral sources. If an award is reduced or a claim is denied because of the expected recoupment of all or part of the economic loss of the claimant from a collateral source, the amount of the award or the denial of the claim shall be conditioned upon the claimant's economic loss being recouped by the collateral source. If the award or denial is conditioned upon the recoupment of the claimant's economic loss from a collateral source and it is determined that the claimant did not unreasonably fail to present a timely claim to the collateral source and will not receive all or part of the expected recoupment, the claim may be reopened and an award may be made in an amount equal to the amount of expected recoupment that it is determined the claimant will not receive from the collateral source."

{18}R.C. 2743.60(H) states:

"(H) If a claimant unreasonably fails to present a claim timely to a source of benefits or advantages that would have been a collateral source and that would

have reimbursed the claimant for all or a portion of a particular expense, the attorney general, a panel of commissioners, or a judge of the court of claims may reduce an award of reparations or deny a claim for an award of reparations to the extent that it is reasonable to do so."

{19}The applicant has the burden of proof to establish her claim for eligibility of allowable expenses. *In re Martin*, V93-34431tc (6-30-94). See also, *In re Bailey*, V78-3484jud (8-23-82).

{20}The Attorney General has the burden of proof with respect to disqualifying factors contained under R.C. 2743.60 et. al. *In re Williams*, V77-0739jud (3-21-79), *In re Brown*, V78-3638jud (12-13-79).

{21}Black's Law Dictionary Sixth Edition (1990) defines preponderance of the evidence as: "evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it; that is, evidence which as a whole shows that the fact sought to be proved is more probable than not."

{22}Black's Law Dictionary Sixth Edition (1990) defines burden of proof as: "the necessity or duty of affirmatively proving a fact or facts in dispute on an issue raised between the parties in a cause. The obligation of a party to establish by evidence a requisite degree of belief concerning a fact in the mind of the trier of fact or the court."

{23}From review of the case file and careful consideration given to all the testimony presented and the arguments of the parties at the hearing, we find the applicant has failed to prove by a preponderance of the evidence that she incurred allowable expense as defined by R.C. 2743.51(F)(1). The applicant failed to utilize a provider in her health insurance carrier's network. The applicant has the obligation to avail herself of readily available collateral sources listed in R.C. 2743.51(B). In the case at bar, the applicant's first 20 physical therapy visits would have been covered under her contract of insurance with Cigna. Therefore, it was the applicant's responsibility to determine whether the medical provider was within her carrier's network of coverage.

{24}However, the Attorney General failed to prove that the applicant acted unreasonably as is required by R.C. 2743.60(H). Even if the Attorney General did so, R.C. 2743.60(H) provides this panel with the option to reduce the applicant's claim for an award of reparations. In her testimony presented at the hearing, the Attorney General's witness Mary Barnett stated that 20 visits for physical therapy in each calendar year would have been covered under the applicant's Cigna policy. Accordingly, the applicant may file a supplemental compensation application for reimbursement of required co-pays for 20 annual visits and for any additional charges that Cigna would not have paid if the applicant had used an in-network provider. Since the Attorney General presented no evidence that the treatment was not causally connected to the criminally injurious conduct, an expense which her insurance carrier would not cover after the policy provisions were exhausted could be compensated under the program.

{25}We will not address the issue presented by the Attorney General at the hearing concerning whether the expenses incurred were unreasonable, since this issue was not addressed in the Attorney General's initial finding of fact and decision, Final Decision, or January 15, 2010 brief. While hearings before a panel of commissioners are de novo, it is unfair to address a novel issue such as this without providing notification to the opposing party.

{26}Therefore, we find the September 10, 2009 decision of the Attorney General is affirmed.

IT IS THEREFORE ORDERED THAT

{27}1) Applicant's Exhibits 1 and 2 are admitted into evidence;

{28}2) Attorney General's Exhibit A is admitted into evidence;

{29}3) The September 10, 2009 decision of the Attorney General is AFFIRMED;

{30}4) This claim is DENIED and judgment is entered for the state of Ohio;

{31}5)  This order is entered without prejudice to the applicant's right to file a supplemental compensation application, within five years of this order, pursuant to R.C. 2743.68;

{32}6)  Costs are assumed by the court of claims victims of crime fund.


_____
LLOYD PIERRE-LOUIS
Presiding Commissioner


_____
KARL C. KERSCHNER
Commissioner


_____
SUSAN G. SHERIDAN
Commissioner

ID #I:\Victim Decisions to SC Reporter\Panel Decisions\2010\Jan - Aug 2010\V2009-40692.wpd\DRB-tad
A copy of the foregoing was personally served upon the Attorney General and sent by regular mail to Franklin County Prosecuting Attorney and to:

Filed 8-27-10
Jr. Vol. 2276, Pgs. 61-69
Sent to S.C. Reporter 10-6-11